IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JASON CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:23-cv-02528-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| LAUDERDALE COUNTY, TENNESSEE, ) | |
| LAUDERDALE COUNTY SHERIFF ) | |
| DEPARTMENT, CITY OF HALLS and ) | |
| HALLS POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jason Curtis sued Defendant Town of Halls[1] under 28 U.S.C. § 1983, the United States Constitution, and the Tennessee Governmental Tort Liability Act ("TGTLA") for a police arrest in a gas station parking lot. (ECF No. 42.) Defendant now moves to dismiss and for

---

[1] Plaintiff originally sued Lauderdale County, Tennessee; Lauderdale County Sheriff's Office; Town of Halls (incorrectly sued as "City of Halls"); and the Halls Police Department ("HPD"). (ECF No. 42.) Plaintiff then stipulated to dismissing Lauderdale County and Lauderdale County Sheriff's Office. (ECF No. 53.) Defendant HPD then argued that the claims against it should be dismissed because they are an inappropriate defendant for a § 1983 action. (ECF No. 55-9 at PageID 639.) *See Grace v. City of Ripley*, No. 2:16-cv-02395-JPM, 2017 U.S. Dist. LEXIS 29327, at *13–14, *14 n.2 (collecting cases and noting that, "[s]ince the Sixth Circuit's decision in *Matthews*[ *v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)], district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). And Plaintiff agreed that HPD is "not a separate entity for litigation purposes," making Town of Halls "the appropriate remaining Defendant in this matter." (ECF No. 56-1 at PageID 663.) The Court thus **GRANTS** HPD's motion to dismiss and **DISMISSES** HPD as a defendant. The term "Defendant" will refer only to Town of Halls.

summary judgment. (ECF Nos. 44, 55.) And Plaintiff opposes the motions. (ECF Nos. 48, 56, 61.)[2] For the reasons explained below, the Court **GRANTS** the motions.[3]

## BACKGROUND

Plaintiff alleges that he was in a gas station parking lot when, acting on an instruction from dispatch, Officer Vincent Tyus of the HPD and other law enforcement officers approached his vehicle. (ECF No. 42 at PageID 234; Doc. 56-2 at PageID 682–83.) Officer Tyus allegedly got out of an unmarked police car and walked to Plaintiff's car door with his gun drawn. (ECF No. 42 at PageID 234; Doc. 56-2 at PageID 684, 690–93.) He then ordered Plaintiff out of the car and arrested him. (ECF No. 42 at PageID 234.) Plaintiff also alleges that, during this encounter, the officers falsely charged him with bribery and made comments about how that would end his teaching and coaching career. (ECF No. 42 at PageID 234, 236.) The District Attorney General dropped the bribery charge. (ECF No. 42 at PageID 236.) But Plaintiff pleaded guilty to reckless driving and possessing a firearm while intoxicated, though he also claims the state court expunged his convictions from his record. (ECF No. 55-4, 55-5; ECF No. 60 at PageID 747–48.)

Plaintiff now sues in federal court, alleging civil rights violations under 42 U.S.C. § 1983, Fourth Amendment violations for false arrest and excessive force, and a Fourteenth

---

[2] Plaintiff filed a supplemental brief in opposition to the motion for summary judgment without leave of court. (ECF No. 61.) This filing is not authorized by the Federal Rules of Civil Procedure or by the Local Rules for the Western District of Tennessee. But despite this procedural failure, the Court considers the arguments raised there because the supplemental brief does not vary substantively from the initial brief on the main claims, modifies a few citations, and addresses Defendant's alternative argument for dismissal based on a failure to properly serve process.

[3] Although the motion to dismiss presented sound, and likely successful, legal arguments, the Court will combine the motions and conduct the analysis under the standard for a motion for summary judgment to be thorough, to address the issues in their entirety, and to respect the time, energy, and resources the parties put into discovery.

Amendment due process violation related to the arrest.  (ECF No. 42.)  Plaintiff also alleges multiple state-law claims.  (*Id.*)

## LEGAL STANDARD

Courts grant summary judgment when, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."  *Avantax Wealth Mgmt. v. Marriott Hotel Servs., Inc.*, 108 F.4th 407, 414 (6th Cir. 2024) (quoting Fed. R. Civ. P. 56(a); *Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011)).  "A genuine issue of material fact exists when there are 'disputes over facts that might affect the outcome of the suit under the governing law.'"  *Regions Bank v. Fletcher*, 67 F.4th 797, 802 (6th Cir. 2023) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  And a party must support its claim that there are, or are not, genuine disputes of material fact by citing to evidence in the record.  Fed. R. Civ. P. 56(c)(1)(A).

## ANALYSIS

Plaintiff raises claims under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, and state tort law.  The Court will address each of these claims in turn.

### I.   42 U.S.C. § 1983

Plaintiffs may bring claims under Section 1983 for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" against any person acting under color of state law.  42 U.S.C. § 1983; *see also Hall v. Navarre*, 118 F.4th 749, 756 (6th Cir. 2024) ("Section 1983 authorizes an individual to bring suit against state and local officials who deprive the individual of a federal right under color of state law.").  But liability under § 1983 only extends to municipalities "when a government policy or custom causes the deprivation of a federal right."  *Hall*, 118 F.4th at 756–57 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

3

694 (1978)).  It is not enough that a municipality "employs a tortfeasor." *Id.* at 757 (citing *Monell*, 436 U.S. at 691).  For this reason, the plaintiff "must identify [a] policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Id.* (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir. 2019)).

The Sixth Circuit recognizes four theories for showing a policy or custom and imposing liability on a municipality.  They are: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 323 (6th Cir. 2023) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Plaintiff's § 1983 allegations against Defendant relate to Officer Tyus approaching Plaintiff's car with his gun drawn.  Beyond Plaintiff's belief that drawing the firearm was excessive force and the officers' comments about bribery charges, it is somewhat unclear what other conduct during or leading to that encounter is allegedly unconstitutional.[4]  (*See* ECF No. 42 (repeatedly reciting the legal standard for a § 1983 action but failing to identify the factual support for the claim).)  And Plaintiff's brief in opposition to the motion for summary judgment adds little clarity.[5]  (*See* ECF Nos. 56-1, 61.)

In any case, he has not identified any "illegal official policy or legislative enactment." *Helphenstine*, 60 F.4th at 323.  Nor has he shown that some "official with final decision making authority" has "ratified illegal actions." *Id.*  In fact, Plaintiff has not identified any official with

---

[4] Plaintiff initially alleged a § 1983 claim for negligent hiring but has abandoned it.  (ECF No. 48 at PageID 351; ECF No. 56-1 at PageID 658; ECF No. 61 at PageID 769.)
[5] The brief also applies the standard for a motion to dismiss sometimes and the standard for summary judgment other times.  (*See* ECF Nos. 56-1, 61 (consistently stating that Plaintiff has plausibly plead facts to support his claims).)

4

final decision-making authority.  (*See* ECF No. 42.)  In its most generous reading of the Amended Complaint and briefs, the Court understands Plaintiff to argue that Defendant has unconstitutional customs or policies in training its officers and that it tolerates or acquiesces in unconstitutional use of force.  (ECF No. 56-1 at PageID 647–56.)  The Court will address each of these arguments in turn.

### A. Failure to Train

Plaintiff argues that Officer Tyus had not read his training manual, failed to wear his body camera or turn on his vehicle's emergency equipment, used excessive force, failed to read Plaintiff his Miranda rights, and failed to get an implied consent form at the time of Plaintiff's arrest.  (ECF No. 56-1 at PageID 647–56; Doc. 56-2 at PageID 682–94.)  Because Plaintiff claims that Tyus took these actions in violation of HPD policy, the Court reads Plaintiff's argument to be that Defendant failed to train Officer Tyus properly to comply with HPD policies and procedures.  If Plaintiff supports such a claim with evidence of deliberate indifference, this may be a viable theory of recovery under § 1983.

"[A] systematic failure to train police officers adequately" can be a custom or policy that leads to municipal liability.  *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006).  But this is true only when the alleged failure to train "amounts to *deliberate indifference* to the rights of persons with whom the police come into contact."  *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (emphasis in original) (citation omitted).  To prove deliberate indifference, a plaintiff must show "prior instances of unconstitutional conduct demonstrating that the [municipal defendant] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury."  *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

5

The record here does not support a claim of deliberate indifference. Plaintiff does not cite a single instance of past unconstitutional conduct to show that Defendant "ignored a history of abuse" or "was clearly on notice" that its training procedures were deficient. *See id.* Instead, Plaintiff cites an earlier *allegation* of unconstitutional conduct in a case in which that court held that "the City's employees did not violate Plaintiffs' constitutional rights." *Pickard v. McManus*, Case No. 2:08-2727-JDT (W.D. Tenn. Jan. 4, 2010). Without evidence that Defendant's officers engaged in "prior instances of unconstitutional conduct," Plaintiff cannot show and has not raised a question of material fact that Defendant had notice of, and ignored, unconstitutional conduct in the past. *See Fisher*, 398 F.3d at 849. And so, Defendant is entitled to judgment as a matter of law on Plaintiff's failure-to-train claims.

**B.      Use of Force**

Plaintiff also seems to argue that Defendant tolerated or accepted the use of excessive force, which permitted Officer Tyus to use excessive force against him. A municipality's inaction can be the basis for liability when a plaintiff proves

> (1)     The existence of a clear and persistent pattern of [illegal activity];
> (2)     Notice or constructive notice on the part of the [defendant];
> (3)     The [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
> (4)     That the [defendant's] custom was the 'moving force' or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). But the Sixth Circuit "ha[s] never found notice of a pattern of misconduct (or the pattern itself) solely from the mistreatment of the plaintiff." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015).

Plaintiff here relies exclusively on his own personal experience as the basis for his claim that Defendant has a policy or custom of allowing officers to use excessive force when making

6

arrests.⁶  (*See* ECF No. 42; ECF Nos. 56-1, 61 (failing to cite anything in the record that shows Defendant has used excessive force more than once).)  But as the Sixth Circuit has held, that is not enough to show that there is a *pattern* of excessive force or that Defendant had notice of any pattern.  *See Thomas*, 398 F.3d at 429; *Nouri*, 615 F. App'x at 296.  And Plaintiff has introduced no other evidence supporting his claim that a pattern of unconstitutional conduct existed or of Defendant's earlier inaction when it had notice of such conduct.  In fact, Plaintiff even admits that he is unaware of any evidence that could support that finding.  (ECF No. 55-1 at PageID 497–502, 519, 540–44 (In his deposition, Curtis testified that he did not know of prior constitutional violations related to excessive force, harassment, or fabricating charges).)  Thus, Plaintiff has failed to show any genuine dispute of material fact that would preclude summary judgment, and Defendant is entitled to judgment as a matter of law on the claim that its inaction caused constitutional violations.

## II.     Fourth Amendment False Arrest

Plaintiff alleges Officer Tyus falsely arrested him without probable cause.⁷  To prove a claim for false arrest, a party must show that there was no probable cause supporting the arrest.  *Tlapanco v. Elges*, 969 F.3d 638, 652 (6th Cir. 2020).  But "the constitutional tort claim of false arrest fails so long as there's just one valid reason for the arrest."  *Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020).  This is true even where there may not have been probable cause as to

---

⁶ Even if this claim is supposed to extend to allegedly unconstitutional conduct beyond the use of excessive force, the analysis would be the same, leading to the same result.

⁷ Plaintiff first "concede[d] his false arrest claims are barred by the doctrines of collateral estoppel and/or res judicata" in his brief opposing the motion to dismiss.  (ECF No. 48 at PageID 351 (italics omitted).)  But he later attempted to "withdraw his concession on his false arrest claim."  (ECF No. 56-1 at PageID 650; ECF No. 61 at PageID 761.)  The Court hesitates to allow Plaintiff to revive an abandoned claim without proper amendment, but, because the claim cannot survive summary judgment anyway, it will address the merits of the false arrest argument.

every charge so long as probable cause supported the arrest itself. *Id.* ("[I]t is not relevant whether probable cause existed with respect to each individual charge. What matters is the validity of the *arrest* (the seizure) and not the validity of every *charge* (the potential justifications for the seizure)." (citations omitted)).

And an arrestee cannot later bring a claim for false arrest when that arrestee pleads guilty to the charges against him. That is true even if the arrestee later alleges that the arresting officer lacked probable cause to make the arrest. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) ("We hold that the [nolo contendere] pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause.").

And this is also true even when the case results in judicial diversion. *See Holloran v. Duncan*, 92 F. Supp. 3d 774, 801 (W.D. Tenn. 2015) ("[Plaintiff] pleaded guilty to underage drinking and received judicial diversion. It appears to the Court that he cannot now claim that he was unlawfully arrested for that crime under the Fourth Amendment."); *Ward v. Taylor*, Case No. 1:24-cv-19, 2024 U.S. Dist. LEXIS 225150, *5 (E.D. Tenn. Dec. 12, 2024) ("Plaintiff's guilty plea prevents him from showing that the arrest was without probable cause. Therefore, he cannot state a claim against Defendant for false arrest, and Defendant is entitled to judgment on the pleadings."); *Radley v. Metro Police Dep't of Nashville*, No. 3:20-cv-00677, 2020 U.S. Dist. LEXIS 162374, at *10 n.1 (M.D. Tenn. Sept. 4, 2020) ("Notably, it is clear under Sixth Circuit precedent that plaintiffs who have pled guilty and plaintiffs who have received judicial diversion are precluded from pursuing a Fourth Amendment claim for unlawful arrest.").

8

Any false claim of bribery did not result in a false arrest here because there was probable cause to arrest him for reckless driving and possession of a firearm while intoxicated. And even if he argues there were no probable cause for the other charges, Plaintiff cannot succeed on that argument. The record here shows that he pleaded guilty to charges of reckless driving and possessing a firearm while intoxicated in the state court criminal proceedings. (ECF No. 55-4, 55-5.) And he has cited no credible evidence or legal support to rebut this fact.[8] And so, Plaintiff's false arrest claim for those charges fails. Thus, any false arrest claim under the Fourth Amendment fails as a matter of law and Defendant is entitled to summary judgment.

## III. Fourteenth Amendment Due Process Violation

Plaintiff next alleges a Fourteenth Amendment Due Process violation based on his arrest. (ECF No. 42 at PageID 239.) It is unclear whether Plaintiff argues the arrest violated due process because it lacked probable cause or because of the use of allegedly excessive force. (*See* ECF Nos. 42, 48, 56, 61.) But either way, the analysis is the same because the Fourth

---

[8] Plaintiff seems to dispute that he entered a guilty plea to reckless driving and possessing a firearm while intoxicated because his convictions were later expunged. (ECF No. 60 at PageID 747–48.) But Plaintiff has failed to provide evidence from the record of the expungement or legal authority supporting his argument that an expungement erases his guilty plea in a false arrest claim. (*See* ECF No. 60 (responses to undisputed material facts without citations); ECF Nos. 48, 56-1, 62 (failing to argue that a false arrest claim survives an expunged guilty plea).) And whether Plaintiff's guilty plea was expunged is immaterial here because Plaintiff did plead guilty in open court and a guilty plea to an expunged charge is still "admissible into evidence in the civil trial as a judicial admission." Tenn. Code Ann. § 40-35-313(b); *see also Holloran*, 92 F. Supp. 3d at 801 (W.D. Tenn. 2015) (explaining that the plaintiff who had pleaded guilty in a state proceeding "cannot now claim that he was unlawfully arrested for that crime under the Fourth Amendment" even though he received judicial diversion and "was given the opportunity to have his record expunged"); *Wilson v. Johnson*, No. 3:04-CV-59, 2005 U.S. Dist. LEXIS 39311, at *27 (E.D. Tenn. Sept. 30, 2005) (finding plaintiff precluded from bringing a false arrest claim and refusing to "disregard plaintiff's admissions and allow him to repudiate his guilty plea in order to relitigate the circumstances surrounding his arrest and the issue of probable cause" because, even though "the plaintiff was given the opportunity to have his record expunged by the state trial judge, he still pled guilty to evading arrest, and a judgment was entered against him").

Amendment governs the officer's actions for both claims. *See Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020) ("[C]laims for false arrest . . . arise under the Fourth Amendment."); *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1003 (6th Cir. 2024) ("When assessing the force used by an officer during the course of an arrest, we look to the Fourth Amendment.").

And because the Fourth Amendment governs these claims, a due process analysis under the 14th Amendment is inappropriate. *See Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (explaining that, when another amendment "provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process" (quotation marks and citation omitted)); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach" (emphasis in original)). Thus, Plaintiff's Fourteenth Amendment due process claim fails.

## IV.     State-Law Tort Claims

Defendant also moves for summary judgment on Plaintiff's state-law claims, asking the Court to exercise supplemental jurisdiction because the litigation has been ongoing for over a year and has progressed through discovery. But Plaintiff, despite originally filing these state-law claims in federal court, now asks the Court to decline jurisdiction. The federal court has supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as the original-jurisdiction claims. 28 U.S.C. § 1367(a). But a court "may decline to exercise supplemental jurisdiction" if the federal claims have been dismissed or if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.

§ 1367(c).  "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

      Judicial economy, convenience, and fairness all favor exercising jurisdiction here.  The time, energy, and resources the parties expended in presenting and defending these claims is substantial, and requiring the parties to repeat that process in state court is inefficient.  Plus, because Plaintiff initially brought these claims in federal court, fairness favors exercising jurisdiction here.  On the other hand, comity favors declining jurisdiction because Tennessee prefers handling TGTLA cases in its own courts.  *See Devereux v. Knox Cnty.*, 15 F.4th 388, 394 (6th Cir. 2021) (explaining that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts.  This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction."); *see also Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 689 (W.D. Tenn. 2015) (collecting cases that show "district courts in Tennessee have regularly declined" jurisdiction over TGTLA claims without abusing discretion).  But courts in the Sixth Circuit have still exercised jurisdiction over TGTLA claims.  *See, e.g.*, *Johnson v. City of Memphis*, 617 F.3d 864, 871–72 (6th Cir. 2010) (ruling on Plaintiff's TGTLA claims).

      Plaintiff's claims all arise in tort under the TGTLA and include negligence, misrepresentation, defamation, invasion of privacy, and intentional infliction of emotional distress.[9]  (ECF No. 42 at PageID 240–42.)  Defendant argues that it has immunity to suit on

---

[9] Because Plaintiff only discusses negligence in his brief in opposition to the motion for summary judgment, it is somewhat unclear whether Plaintiff is proceeding on his other state-law claims or if he believes his other state-law claims are simply examples of negligence.  (*See* ECF

11

these claims. (ECF No. 55-9 at PageID 638; ECF No. 62 at PageID 807.) And Plaintiff counters that the TGTLA waives this immunity. (ECF No. 56-1 at PageID 656–61; ECF No. 61 at PageID 769–72.)

Generally, governmental entities in Tennessee, including Defendant, are immune from suit. Tenn. Code Ann. §§ 29-20-101 *et seq.*; *Johnson*, 617 F.3d at 871–72; *see also Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (explaining that sovereign immunity applies to municipalities). But, through the TGTLA, Tennessee waived immunity "for injury proximately caused by a negligent act or omission." Tenn. Code Ann. § 29-20-205. This waiver, however, is limited and does not apply "if the injury arises out of" "false arrest, . . . libel, slander, . . . infliction of mental anguish, invasion of right of privacy, or civil rights."[10] Tenn. Code Ann. § 29-20-205(2). Immunity also remains intact for injuries arising out of "[m]isrepresentation by an employee whether or not such is negligent or intentional." Tenn. Code Ann. § 29-20-205(6). The statute therefore explicitly preserves Defendant's immunity for any injuries arising out of Plaintiff's claims of false arrest, defamation, intentional infliction of emotional distress, invasion of privacy, civil rights violations, or misrepresentation. And so those claims fail as a matter of law.

Having addressed the statute's text, only Plaintiff's negligence claim remains. Negligence claims generally fall within the TGTLA's immunity waiver. Tenn. Code Ann. § 29-20-205 ("Immunity from suit of all governmental entities is removed for injury proximately

---

No. 56-1 at PageID 656–61; ECF No. 61 at PageID 769–72; *see also* ECF No. 42 at Page 242 (Amended Complaint explaining that the "actions mentioned"—which include the other torts— "represent negligent actions of the Defendants.").) In any case, to be thorough, the Court will address the claims identified in the Amended Complaint.

[10] The "civil rights" exception includes § 1983 and constitutional claims. *Johnson*, 617 F.3d at 872.

caused by a negligent act or omission of any employee within the scope of his employment," subject to numbered exceptions.). But the immunity waiver does not extend to a negligence claim when the alleged injury "arises out of" conduct statutorily excluded from the waiver. *See Johnson*, 617 F.3d at 872 ("Plaintiff's claim regarding the dispatcher's negligence arises out of the same circumstances giving rise to her civil rights claim under § 1983. It therefore falls within the exception listed in § 29-20-205, and the City retains its immunity."); *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 60 (Tenn. 2023) ("If the injury at issue 'arises out of' one of the acts specified in Tennessee Code Annotated section 29-20-205(1)–(9), then immunity still holds."). And so, any negligence claim based on an injury allegedly arising out of Defendant's "[m]isrepresentation," "false arrest, . . . libel, slander, . . . infliction of mental anguish, invasion of right of privacy, or civil rights [violations]" are subject to an immunity defense.

Plaintiff's negligence claim here challenges Defendant's conduct—including the alleged use of force—when arresting him.[11] (ECF No. 56-1 at PageID 656–61; ECF No. 61 at PageID 769–72.) This, of course, arises out of an alleged civil rights violation, for which immunity remains intact. And even if Plaintiff's negligence claim is based on any other tort mentioned in the Amended Complaint, Defendant is immune from suit for the same reason because the statute similarly does not waive immunity for injuries allegedly arising out of those torts, either. (*See*

---

[11] The Court is skeptical that Plaintiff can raise a negligence claim for excessive force. And Plaintiff's briefs, which conflate the Fourth Amendment "reasonableness" standard for use of force with the "reasonableness" standard applied to the issue of breach of duty in negligence actions, do not ease this Court's concern. (*See* ECF No. 56-1 at PageID 658–59; ECF No. 61 at PageID 769–70.) In any event, the Court will address the argument without deciding the viability of the theory.

13

ECF No. 42 at PageID 242.)  And so, Defendant is entitled to judgment as a matter of law on Plaintiff's negligence claim.[12]

Finally, Plaintiff seeks punitive damages for the alleged "violation[s] of the state statutes and common law of the State of Tennessee."  (ECF No. 42 at PageID 242–43.)  Even if his state claims were meritorious, Plaintiff would not be entitled to punitive damages under the TGTLA because punitive damages are not recoverable in these cases.  *Tipton Cnty. Bd. of Educ. v. Dennis*, 561 S.W.2d 148, 152 (Tenn. 1978).

For these reasons, Plaintiff's state-law claims fail as a matter of law.  And the Court **GRANTS** summary judgment for Defendant on Plaintiff's state-law claims.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion for summary judgment on all Plaintiff's claims.

**SO ORDERED**, this 27th day of January, 2025.

s/Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE

---

[12] Plaintiff's response to Defendant's immunity defense does not address this "arises out of" language.  (ECF No. 56-1 at PageID 659–60; ECF No. 61 at PageID 770–71.)  In fact, Plaintiff relies instead on out-of-state cases that do not apply the TGTLA to explain why his claims should proceed.  (ECF No. 56-1 at PageID 659–60; ECF No. 61 at PageID 770–71.)  These cases do not guide the Court in deciding whether the TGTLA applies to the alleged conduct here.